## THE PEOPLE *v*. FREYRE.

### APPEAL from the District Court of Mayagüez.

No. 150.—Decided December 3, 1908.

HABEAS CORPUS—CONTEMPT—JURISDICTION OF MUNICIPAL COURTS TO PUNISH THEREFOR.—In accordance with provisions of sections 7, 28 and 29 of the Code of Civil Procedure, and the Act of March 8, 1906, relating to contempt, municipal courts have jurisdiction to punish for the crime of contempt.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal from the District Court of Mayagüez which originally heard an application for a writ of *habeas corpus,* in which José Ramon Freyre alleged that he had been unlawfully imprisoned by the municipal judge of said city who sentenced him for contempt committed in his presence to pay a fine of $25, or in default to be confined in the municipal jail for 10 days, as shown in the commitment issued in proper form, dated May 7, 1908.

As a matter of fact nothing is specifically alleged in the initial application as to the illegality of the imprisonment, and it is more of a statement of the facts which, according to the petitioner, led to the imposition of said penalty for contempt.

But subsequently the petition was amended and alleged in a clear and categorical manner ''that such imprisonment, detention and confinement are illegal, because the order of the court punishing Freyre for contempt is illegal and void, because the court does not nor did it have jurisdiction to make it, nor to punish for contempt, under the laws of Porto Rico.''

The judge of the Mayagüez court denied the application for *habeas corpus* on May 14, 1908, after having considered the full return of the warden of the municipal jail and the allegations of the parties.

An appeal was taken from said decision to this Supreme Court.

All the doubts which may have arisen immediately after the Act approved March 1, 1902, defining the offense of contempt of court and providing for the punishment thereof, especially after reading the English edition which authorized courts of record only to punish it, must have disappeared when the Code of Civil Procedure went into effect on July 1, 1904, and when the said Act of 1902 was amended on March 8, 1906.

For this reason, therefore, no importance attaches to this

appeal now, which is out of time, and even then was not presented with any semblance of reason or justice.

Sections 7 and 28 of the Code of Civil Procedure define the powers of courts and judicial officers, and section 29 prescribes the manner of effectually exercising such powers, contempt being punishable.

Furthermore, we have the Act of March 8, 1906, which speaks of contempt which may be committed in the immediate presence and during the sessions of "courts of justice."

But as section three of the said Code of Civil Procedure defined courts of justice to be: The Supreme Court, the district courts, municipal and justices' courts, there is no question that all these courts may punish for contempt; two courts last mentioned must be considered courts of record.

On the other hand, the Judge of the Municipal Court of Mayagüez complied with the provisions of the Act of March 8, 1906, amending the Act of 1902, defining the offense for contempt of court and providing for the punishment thereof, inasmuch as he issued an order and signed it for such fine or imprisonment, setting forth the acts constituting the contempt, the time and place of the commission thereof, and the circumstances, and specifying the sentence of the court.

The prisoner alleges that in the original order he was not sentenced to imprisonment, but to pay a fine of $25, but all we have here is to the order of May 7, 1908, on which date the contempt is alleged to have been committed and we cannot understand what order there could have been, and if there was any other order there is nothing in the record to show it.

The statement of the facts made in his initial application for a writ of *habeas corpus* by the petitioner differs greatly from the facts set forth by the judge of the municipal court in his order imposing the fine, or imprisonment in default of payment thereof, as the former contains elements of fact which constitute contempt, and there is nothing in the record to show that the facts occurred as related by the petitioner, and not as related by the municipal judge.

For the reasons stated, the decision of the judge of the District Court of Mayagüez of May 14, 1908, denying the application for the writ of *habeas corpus* made by José Ramón Freyre should be affirmed.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.